IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WASHINGTON LAWYERS' COMMITTEE FOR CIVIL RIGHTS AND URBAN AFFAIRS,** 700 14th Street, N.W., Suite 400 Washington, D.C. 20005 <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES DEPARTMENT OF JUSTICE,** 950 Pennsylvania Avenue, N.W. Washington, D.C. 20530 <br><br> Defendant. | Civil Action No. 1:23-cv-1328 |

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Washington Lawyers' Committee for Civil Rights and Urban Affairs ("WLC") brings this action against Defendant United States Department of Justice ("DOJ" or "Defendant") to compel compliance with the Freedom of Information Act ("FOIA"). *See* 5 U.S.C. § 552. WLC has 55 outstanding FOIA requests to the Bureau of Prisons ("BOP"), a component of the DOJ, for which documents or denials are overdue by between a few months and 13 years. In addition to violating FOIA with respect to each individual request, the numerosity and timeframe of these violations evidences a pattern or practice of ignoring FOIA's statutory requirements. As grounds therefor, WLC alleges, on information and belief, as follows:

## NATURE OF THE ACTION

1.      WLC is a non-profit legal organization working to create legal, economic, and social equity through litigation, client and public education, and public advocacy. As part of its

mission WLC routinely represents individuals incarcerated in the BOP in cases to uphold their civil and constitutional rights.

2.      In the course of these representations, WLC regularly needs to obtain records from the BOP including individual clients' records and BOP-wide data related to compliance with the civil and constitutional rights of incarcerated individuals.

3.      In order to obtain this information, the BOP requires WLC to submit FOIA requests pursuant to 5 U.S.C. § 552.

4.      Despite the BOP's decision to require FOIA requests for individual client records, which is not mandated by any federal law or regulation, the BOP routinely and needlessly fails to conduct a search reasonably calculated to uncover all records requested or adequately respond to the FOIA requests it arbitrarily demands.  Instead, the BOP routinely sends the requesting party an "Acknowledgement Letter" in which it deems the requests for a single individual's records as "complex," grants itself 10 extra working days to provide a substantive response, and then fails to timely produce responsive documents—often for *years*.

5.      The BOP's failure to conduct a search reasonably calculated to uncover all records requested, produce records, or make a determination regarding the availability of the requested records in accordance with FOIA's statutorily-imposed timelines reveals a systemic disregard for the BOP's legal obligations, and constitutes an ongoing policy or practice of violating FOIA's procedural requirements.

6.      WLC therefore seeks declaratory and injunctive relief to require the BOP to conduct a search reasonably calculated to uncover all records requested and to produce all responsive documents to its pending FOIA requests; to enjoin the BOP from failing or refusing to produce all non-exempt records responsive to WLC's future FOIA requests within the statutory

timeframes; and to immediately cease its policy or practice of systemic disregard for the FOIA process.

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

9. Plaintiff WLC is a nonprofit legal services provider working to create legal, economic, and social equity through litigation, client and public education, and public policy advocacy. Among WLC's priorities is addressing unconstitutional confinement conditions for persons in prisons and jails. Since the District of Columbia ("the District") does not have its own prison system, people convicted of felonies under the D.C. Code serve their sentences within the BOP's facilities. *See* D.C. Code § 24-101(a)-(b). WLC routinely brings litigation regarding federal BOP practices and advocates for prisoners in federal custody. As part of its mission, WLC regularly requests records from the BOP pursuant to FOIA. WLC relies on the BOP's responses to further litigation and public policy advocacy on behalf of its incarcerated clients.

10. Defendant DOJ is an agency of the United States Federal Government and is headquartered at 950 Pennsylvania Avenue N.W., Washington, D.C. 20530. The BOP is a component of the DOJ. The BOP has possession, custody, and control of the records to which WLC seeks access.

## STATEMENT OF FACTS

11. WLC has represented incarcerated clients for decades. This representation is not possible without factual investigation and documents. However, because of the BOP's restrictive

policies, incarcerated individuals have limited access to the types of documents required to investigate and prosecute their legal claims.  For example, an individual's claim concerning physical abuse by correctional staff or deliberate indifference towards medical needs is a dead-end without incident reports and medical records, which are in the custody and control of the BOP.

12.     Absent a FOIA request, the BOP generally refuses to produce any information to the counsel of incarcerated clients.  The BOP erects this arbitrary barrier even when counsel attempts to obtain basic information that other federal agencies provide upon receipt of a signed release of information.  Therefore, in the course of representing incarcerated clients, WLC is forced to submit FOIA requests to the BOP on a regular basis.

13.     Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), the BOP is required to determine whether to comply with each FOIA request within twenty (20) business days of receipt and to notify WLC immediately of its determination, the reasons for it, and WLC's right to appeal any adverse determination.

14.     FOIA reflects "a general philosophy of full agency disclosure," which Congress enacted to protect "the public's right to know the operations of its government."  S. Rep. No. 813, 89th Cong., 1st Sess. 3, 8 (1965); H. Rep. No. 1497, 89th Cong., 2d Sess. 11 (1966); Senate Comm. on the Judiciary, 93d Cong., 2d Sess., Freedom of Information Act Source Book: Legislative Materials, Cases, Articles 38, 43 (Comm. Print. 1974).

15.     Open access to government information—and the accountability that results from such transparency—was Congress' overriding consideration when it enacted FOIA in 1966.  *See U.S. Dep't of Defense v. Fed. Labor Relations Auth.*, 510 U.S. 487, 495, 497 (1994) ("FOIA's core purpose [is] contributing significantly to public understanding of the Government's operations or activities. . . . the only relevant public interest in the FOIA balancing analysis [is] the extent to

which disclosure of the information sought would 'she[d] light on an agency's performance of its statutory duties' or otherwise let citizens known 'what their government is up to.'" (emphasis and internal quotation marks omitted) (quoting *Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 750, 773 (1989))); *Dep't of Air Force v. Rose*, 425 U.S. 352, 353, 372 (1976) ("[T]he basic purpose of the Freedom of Information Act [is] 'to open agency action to the light of public scrutiny'. . . . disclosure, not secrecy, is the dominant objective.").

16.     In addition to a philosophy that calls for full agency disclosure, Congress amended FOIA in 1974 "to reach the goal of *more efficient, prompt*, . . . disclosure of information." H.R. Rep. No. 93-876, 93d Cong., 2d Sess. 6267, 6271 (1974) (emphasis added).

17.     The vast majority of WLC's FOIA requests are narrow and seek materials within an individual client's BOP file. These records should be simple for the BOP to locate and collect. Yet, the BOP fails to conduct a search reasonably calculated to uncover all records requested or respond to WLC's requests within the timelines Congress mandated in FOIA. Instead, WLC and WLC's clients, whose rights have been violated, must wait to bring litigation until the BOP chooses to respond, which sometimes takes years.

18.     Several of WLC's FOIA requests relate to the BOP's compliance with the civil and constitutional rights of incarcerated individuals on a system-wide basis. While these requests may be more complex, the BOP is still legally obligated to respond, but it fails to conduct a search reasonably calculated to uncover all records requested, comply with the statutory timelines for complex FOIA requests, or produce a substantive response for years, if ever.

19.     Indeed, after inflating the number of FOIA requests directed to it by funneling *all* information requests through FOIA, despite no statutory duty to do so, the BOP then claims it is unable to provide timely responses to *any* FOIA request because of the volume of FOIA activity.

In this way, the BOP wields the purported burden of FOIA not only as a pretext to flout FOIA's explicit response timelines, but also in effect as a shield against investigations and litigation for which it knows many of these records would be used and without which they cannot proceed.  The BOP's ill-gotten ability to withhold requested records *for years* is a contributing factor to the persistence of abuse in BOP facilities[1] and the lack of scrutiny such abuses receive in the public or—where warranted—in litigation.  Such nontransparent and unaccountable government activity is precisely the problem Congress intended FOIA to ameliorate.

20.     Since June 2022 alone, WLC has submitted twenty-eight (28)[2] FOIA requests to the BOP seeking records for individual clients who at one time were incarcerated in the BOP's Special Management Unit ("SMU") at United States Penitentiary Thomson in Thomson, Illinois. *See* Exhibit A.

21.     The BOP has not produced any documents in response to these FOIA requests. Upon information and belief, the BOP has not conducted a search reasonably calculated to uncover all requested documents.

---

[1] *See*, *e.g.*, Associated Press, *Ex-Warden of California Women's Prison Convicted of Sexuall Abusing Inmates* (Dec. 8, 2022), https://ktla.com/news/local-news/ex-warden-of-california-womens-prison-convicted-of-sexually-abusing-inmates/.

[2] On December 7, 2022, WLC submitted an additional FOIA request (BOP FOIA Req. No. 2023-00937) for an individual client's records.  WLC has received responsive documents related to that individual request.  WLC does not concede that the response is comprehensive nor that the BOP conducted a search reasonably calculated to uncover all records requested but does acknowledge that, in one instance out of these twenty-eight (28), BOP made an incomplete production of responsive documents.

22.     In February 2023, the BOP shut down the SMU at Thomson as a result of rampant staff abuse and noncompliance with agency policies, while illegally denying access to the records in their own files documenting that abuse and noncompliance.[3]

23.     Over the past 13 years, WLC has submitted more than fifty-five (55) FOIA requests to the BOP seeking a variety of information including individual records and BOP-wide data. WLC has not received—for any of these requests—a comprehensive set of responsive documents or a determination of denial with the reasons therefor and notice of appeal rights.

24.     In one instance from March 2022, WLC, along with other legal non-profits, was forced to file litigation to receive a substantive response to a FOIA request for records related to the number of individuals with mental illness incarcerated in the BOP and the mental health services available to those individuals.[4]  The parties are working to resolve these claims, but the BOP still has not produced all of the requested records over a year after this case was filed.

25.     The fact that multiple non-profit legal organizations had to join together and file litigation to receive a substantive response to a single FOIA request further confirms the existence of a BOP policy or practice of violating FOIA.  And even that effort has not yet resulted in the BOP meeting its Congressionally-mandated FOIA requirements.

26.     The BOP's failure to even make a determination on WLC's pending FOIA requests defies unambiguous Congressional intent and undermines the public's overriding interest in executive branch accountability.  S. Rep. No. 4, 116th Cong., 1st Sess. 2-3 (2015) (further amending FOIA in response to nontransparent agency tactics).

---

[3] Glenn Thrush, *Bureau of Prisons Is Closing Troubled, Violent Detention Unit in Illinois*, N.Y. Times (Feb. 14, 2023), https://www.nytimes.com/2023/02/14/us/politics/thomson-bureau-of-prisons-illinois.html.

[4] *See* Complaint, *Am. Civil Liberties Union, et al. v. Department of Justice*, No. 22-853, ECF No. 1 (D.D.C. Mar. 30, 2022).

27.     The chart attached hereto as Exhibit A and incorporated herein by reference sets forth, with respect to each request: (1) the date on which the request was sent; (2) the BOP's response deadlines; (3) the date of the BOP's last communication; and (4) the number of months since the BOP was legally required to produce documents.

28.     The BOP's policy or practice of FOIA noncompliance is established from the facts regarding WLC's requests, as reflected in Exhibit A.  Nevertheless, the BOP's similar treatment of FOIA requests from non-parties further demonstrates that WLC's experience with FOIA requests is not unique, but rather indicative of agency-wide noncompliance stemming this policy or practice.

29.     For example, the chart attached hereto as Exhibit B and incorporated herein by reference shows that since 2019, Alison Guernsey of the University of Iowa College of Law's Federal Criminal Defense Clinic ("Law Clinic") has submitted at least seventeen FOIA requests to the BOP seeking a variety of information, including basic individual records.  In seven of these instances, the BOP still has not provided any documents, and has classified most as a complex request.  These requests have been pending for as long as two and a half years.[5]

30.     That the Law Clinic has experienced the same types of lengthy and illegal delays in obtaining FOIA responses from the BOP further confirms the existence of a BOP-wide policy or practice of violating FOIA.

---

[5] In one instance (BOP FOIA Req. No. 2020-00977), the BOP contacted the Law Clinic after a number of months to see if it still wanted the documents it requested, but by that time the Law Clinic's client had been released and the request abandoned as a result of the delay.  In three other instances, the Law Clinic received responsive records, but does not concede that the responses were comprehensive or that the BOP conducted a search reasonably calculated to uncover all records.  One of these requests was assigned BOP FOIA Req. No. 2021-01579, while the other two were not assigned numbers.

31.     As of the date of this Complaint, for each of the requests designated in Exhibit A hereto, and in violation of 5 U.S.C. §552(a)(6)(A)(i), the BOP has failed to: (1) determine whether to comply with each request; (2) notify WLC of any such determination or the reasons therefor within twenty (20) business days of receipt; (3) advise WLC of the right to appeal any adverse determination; (4) conduct a search reasonably calculated to uncover all requested records; or (5) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

32.     Because the BOP has failed to comply with the time limits Congress set forth in 5 U.S.C. § 552(a)(6)(A), WLC is deemed to have exhausted any and all administrative remedies with respect to its requests, pursuant to 5 U.S.C. § 552(a)(6)(C).

33.     As a result of the BOP's failure to make a determination on WLC's FOIA requests, the BOP has prevented WLC from completing its factual investigations and using the information from such investigations to advise and represent its incarcerated clients.

34.     As part of its mission, WLC routinely represents individuals incarcerated in the BOP in cases seeking to uphold their civil and constitutional rights, and intends to do so for the foreseeable future.  Thus, WLC intends to continue submitting substantially identical requests to the BOP as part of its ongoing efforts to provide legal advice and representation to incarcerated clients, as the BOP requires.

## CAUSES OF ACTION

### COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

35.     WLC realleges paragraphs 1 through 34 as if fully stated herein.

36.     Defendant is violating FOIA by failing to conduct a search reasonably calculated to uncover all records responsive to each of WLC's requests and is unlawfully withholding records responsive to each request.

37.     With respect to each individual request, WLC is being irreparably harmed by reason of Defendant's violation of FOIA, and WLC will continue to be irreparably harmed unless Defendant is compelled to comply fully with FOIA.

38.     Absent injunctive relief by this Court, Defendant will persist in its policy and practice of failing to provide the timely responses to WLC's FOIA requests necessary for WLC to be able to represent its clients.

## COUNT II
### (Violation of FOIA, 5 U.S.C. § 552)

39.     WLC realleges paragraphs 1 through 34 as if fully stated herein.

40.     On information and belief, Defendant has a policy and practice of violating FOIA's procedural requirements in connection with the processing of WLC's FOIA requests and, in particular, of regularly failing to conduct a search reasonably calculated to uncover all records requested and failing to produce requested records or otherwise demonstrate that requested records are exempt from production within the time period required by FOIA or at least within a reasonable period of time.

41.     WLC is being irreparably harmed by reason of Defendant's unlawful policy and practice and will continue to be irreparably harmed unless Defendant is compelled to comply fully with FOIA's procedural requirements.

## REQUESTED RELIEF

WHEREFORE, WLC respectfully requests that the Court:

(1) Order Defendant to search for any and all records responsive to WLC's FOIA requests and demonstrate that it employed search methods reasonably calculated to uncover all records responsive to each request;

(2) Order Defendant to produce, by a date certain, any and all non-exempt records responsive to each requests and a *Vaughn* index of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to each request;

(4) Enjoin Defendant from failing or refusing to produce all non-exempt records responsive to WLC's current and future FOIA requests or otherwise demonstrate that requested records are exempt from production within the time period required by FOIA;

(5) Grant WLC an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

(6) Grant WLC such other relief as the Court deems just and proper.

Date: May 10, 2023                        Respectfully submitted,

*/s/ Kevin H. Metz*_____
Kevin H. Metz
D.C. Bar No. 494087
James D. Friedland (*pro hac vice* anticipated)
Latham & Watkins LLP
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004
Tel: (202) 637-2200
Fax: (202) 637-2201
kevin.metz@lw.com
james.friedland@lw.com

Margaret F. Hart
D.C. Bar No. 1030528

Jacqueline Kutnik-Buader
D.C. Bar No. 1741174
Washington Lawyers' Committee for Civil
Rights and Urban Affairs
700 14th Street, N.W., Suite 400
Washington, D.C. 20005
Tel: (202) 319-1000
Fax: (202) 319-1010
margaret_hart@washlaw.org
jacqueline_kutnik-bauder@washlaw.org

*Counsel for Plaintiff*